**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**JUN 26 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEOFFREY WELSH,<br><br>    Petitioner - Appellant,<br><br>v.<br><br>JOHN F. PEYTON, Director, Department of Public Safety, State of Hawaii; MARK J. BENNETT, Attorney General, State of Hawaii,<br><br>    Respondents - Appellees. | No. 05-16968<br><br>D.C. No. CV-04-00485-HG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted June 5, 2007
Honolulu, Hawaii

Before: THOMPSON, BERZON, and TALLMAN, Circuit Judges.

Petitioner Geoffrey Welsh appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for physically abusing a family or household member, a violation of Hawaii Rev. Stat. § 709-

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

906. Welsh contends that his Sixth Amendment right of confrontation was violated when the State trial court admitted out-of-court statements made by the victim, Haunani Chandler, to the paramedic who responded to Welsh's 911 call.

We affirm the district court's denial of Welsh's habeas petition because the Hawai'i Supreme Court's decision, *State v. Welsh*, 88 P.3d 1208, 2004 WL 740060 (Haw. Apr. 5, 2004), which found that any Confrontation Clause error was harmless beyond a reasonable doubt, was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Contrary to Welsh's contention, the Hawai'i Supreme Court did not apply a harmless error standard that contradicts the governing law as set forth in *Chapman v. California*, 386 U.S. 18, 23-24 (1967), and *Delaware v. Van Arsdall*, 475 U.S. 673, 680-82 (1986). *See Lockyer v. Andrade*, 538 U.S. 63, 71-73 (2003). The Hawai'i Supreme Court's decision repeatedly employed the proper "harmless beyond a reasonable doubt" language of *Chapman* and cited to two Hawai'i Supreme Court opinions which laid out in detail the correct standard. *Cf. Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (holding that a state court need not cite

2

Supreme Court opinions, "so long as neither the reasoning nor the result of the state-court decision contradicts them" (internal quotation marks omitted)). Furthermore, the Hawai'i Supreme Court did not conduct merely a sufficiency of the evidence review, but rather correctly looked to whether the evidence was cumulative, assessed whether there was corroboration, and examined the overall strength of the prosecution's case. *See Van Arsdall*, 475 U.S. at 684.

Nor was the Hawai'i Supreme Court's application of clearly established federal law objectively unreasonable. *Lockyer*, 538 U.S. at 75. Each of the seven pieces of evidence listed by the Hawai'i Supreme Court supports what Chandler's out-of-court statements were offered to establish — the victim's identity and whether the victim suffered injury, damage, or pain. *See State v. Ornellas*, 903 P.2d 723, 726-27 (Haw. App.), *cert. denied*, 907 P.2d 773 (Haw. 1995). In addition, the Hawai'i Supreme Court emphasized that the marks on Chandler's neck observed by both the paramedic and the police officer corroborated Welsh's incriminatory statements, as well as the substance of Chandler's out-of-court statements.

Finally, the Hawai'i Supreme Court's decision was not based on an unreasonable determination of the facts. Even if we assume that Welsh's factual contentions regarding *corpus delicti* and identity were properly exhausted, Welsh

3

fails to demonstrate by "clear and convincing evidence" under § 2254(e)(1) that the Hawai'i Supreme Court's factual determinations were objectively unreasonable — "a substantially higher threshold" than being merely incorrect. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939-40 (2007). The transcript of the 911 call; the testimony of Officer Polanco and Paramedic Layer as to their observations of red marks on Chandler's neck; Officer Polanco's unchallenged testimony that Chandler told him she felt pain; and Welsh's own statements that he had "choked his girlfriend," "want[ed] to be arrested for abuse," and had "bec[ome] aware of the fact that I was actually hurting her," all establish that the Hawai'i Supreme Court correctly determined that any Confrontation Clause error by the admission of Chandler's statements was harmless beyond a reasonable doubt.

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 0 8 2007

by: Ruben Talavera
Deputy Clerk